## Fourth Court of Appeals
### San Antonio, Texas


## MEMORANDUM OPINION

No. 04-19-00274-CV

**IN THE INTEREST OF D.L., III**, D.L., D.A.R. and D.G., Children

From the 225th Judicial District Court, Bexar County, Texas
Trial Court No. 2018PA00708
Honorable Norma Gonzales, Judge Presiding

Opinion by:     Liza A. Rodriguez, Justice

Sitting:         Luz Elena D. Chapa, Justice
                 Irene Rios, Justice
                 Liza A. Rodriguez, Justice

Delivered and Filed: October 23, 2019

AFFIRMED; MOTION TO WITHDRAW DENIED

This is an appeal from the trial court's order terminating appellant L.T.'s parental rights to her children, D.L., III, D.L.[1], D.A.R., and D.G. Appellant's court-appointed counsel filed a motion to withdraw and a brief representing that he conducted a professional evaluation of the record and determined there are no arguable grounds to be raised on appeal. The brief satisfies the requirements of *Anders v. California*, 386 U.S. 738 (1967). *See In re P.M.*, 520 S.W.3d 24, 27 n.10 (Tex. 2016) (per curiam) (recognizing *Anders* procedure applies in parental termination appeals). Counsel also certified that he sent a copy of the brief and the motion to withdraw to appellant, informed appellant of her right to review the record and file her own brief, and provided

---

[1] The *Anders* brief mistakenly refers to this child as A.L. The final order of termination and the rest of the record identify the child as D.L.

appellant with a form motion to request access to the record. *See Kelly v. State*, 436 S.W.3d 313, 319-20 (Tex. Crim. App. 2014); *In re A.L.H.*, No. 04-18-00153-CV, 2018 WL 3861695, at *2 (Tex. App.—San Antonio Aug. 15, 2018, no pet.). This court issued an order setting the deadlines for appellant to request the record and file a pro se brief. Appellant did not request the record or submit a pro se brief.

After reviewing the record and counsel's brief, we agree that there are no meritorious issues to be raised and the appeal is frivolous. Accordingly, we affirm the trial court's order. We deny counsel's motion to withdraw because he does not assert any ground for withdrawal other than his conclusion that the appeal is frivolous. *In re P.M.*, 520 S.W.3d at 27-28 (holding counsel's obligations in parental termination cases extend through the exhaustion or waiver of all appeals, including the filing of a petition for review in the Texas Supreme Court).

Liza A. Rodriguez, Justice